D. R. McDONALD, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 7280. Promulgated August 12, 1927.

Instruments construed and held to be oil and gas leases and not sales of capital assets within the meaning of section 206 of the Revenue Act of 1921. *Berg* v. *Commissioner*, 6 B. T. A. 1287, followed.

*E. W. R. Ewing, Esq.*, for the petitioner.
*Bruce A. Low, Esq.*, for the respondent.

This proceeding involves a determination of a deficiency in income tax for the year 1922 in an amount less than $10,000. The question at issue is whether the consideration received by petitioner for leasing certain oil and gas rights in lands owned by him in the State of Arkansas falls within the classification of gains from the sale of capital assets as provided by section 206 of the Revenue Act of 1921.

FINDINGS OF FACT.

In 1908 petitioner bought from his parents 160 acres of land in Union County, Arkansas, for $200, the land being described as the southwest quarter of section 34, township 15 south, range 16 west. The property was cutover timber land and was acquired with the idea of occupying it for a home and for farming purposes. Shortly after the purchase petitioner moved on the land and cleared 30 acres which he planted to crops. After two years' residence on the land petitioner leased the property for farming purposes.

In 1918 an oil and gas well was drilled in Union County which development was followed by drilling elsewhere in the county and in the year 1921 a successful well was brought in some distance from petitioner's land. In July, 1922, oil was discovered in what is known as the Smackover field within which petitioner's property was located. As a result of the interest engendered by the drilling of wells, petitioner had offers for the leasing of his property during the years 1918 and 1919 at prices ranging from $1 to $10 per acre, but did not avail himself of the offers to lease. In 1921 he leased 40 acres of his farm to the Smackover Oil & Gas Co. and received stock in that company in consideration of the lease.

' On September 9, 1922, petitioner leased to Pat Marr "all of the N. W. quarter of the S. W. quarter of Section 34, Township 15 S., Range 16 West, and containing 40 acres more or less" for a term of five years and for a consideration of $3,000 in cash and $200 per year for the gas from each well where gas only is found and one-eighth part of the oil recovered from the premises.

Petitioner leased to the Houston Oil Co. of Texas under date of October 14, 1922, the southwest quarter of the southwest quarter of section 34, township 15 south, range 16 west, consisting of 40 acres more or less. The consideration for this lease was a cash payment of $20,000 and one-eighth of all the oil produced and saved from the premises, $200 per year for the gas from each well where gas only was found, and $50 per year for the rights to manufacture casinghead gas.

108346°—28——71

On October 20, 1922, petitioner leased to the Federal Petroleum Co. the southeast quarter of the southwest quarter of section 34, township 15 south, range 16 west, " less such rights and interest as the railroad which crosses said land may have thereon." The consideration for this lease was $15,000 cash, one-eighth of the net proceeds from the sale of gas from each well and $40 per year for the privilege of deferring the date of boring the well, which was to be commenced on or before October 20, 1923.

The granting clause in each of the leases involved herein reads substantially as follows:

Have granted, demised, leased and let and by these presents do grant, demise, lease and let unto the said lessee, for the sole and only purpose of mining and operating for oil and gas, and laying pipe lines and of building tanks, towers, stations and structures thereon to produce, save and take care of said products, all that certain tract of land situated in the County of Union, State of Arkansas, * * * [description of the land]

The lessees of the first and third tracts described above drilled wells upon them, but neither oil nor gas was found in paying quantities and the petitioner received no further income from this source during the taxable year. The respondent computed petitioner's tax liability for the year 1922 under sections 210 and 211 of the Revenue Act of 1921.

OPINION.

ARUNDELL: In the case of *Henry L. Berg* v. *Commissioner*, 6 B. T. A. 1287, we had occasion to pass on the identical question raised in this proceeding and to construe an instrument substantially similar to the leases in the instant case. The leases considered in the *Berg* case covered land situated in the State of Arkansas, wherein is located the subject matter of petitioner's leases. For the reasons set forth in the opinion in the *Berg* case we are satisfied that the amounts received under the terms of the leases given by petitioner were not " gains from the sale or exchange of capital assets " within the meaning of section 206 of the Revenue Act of 1921, and the determination of the Commissioner is accordingly affirmed. See also *John T. Burkett* v. *Commissioner*, 7 B. T. A. 560.

*Judgment will be entered for the respondent.*

Considered by STERNHAGEN and MURDOCK.